UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-CV-14 - KSF

JEFFREY LEE RUCKER                                                  PLAINTIFF

v.                                **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Jeffrey Lee Rucker, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

Rucker filed his claim for benefits on October 23, 2009, alleging an onset date of April 1, 2009 [TR 13, 149]. His claim was denied initially on March 10, 2009 [TR 57], and again on reconsideration on July 19, 2009 [TR 64]. He then filed a written request for a hearing before an Administrative Law Judge ("ALJ") [TR 67]. After the hearing, the ALJ issued an unfavorable decision on November 8, 2011 [TR 13-26].

At the time of the alleged onset of disability, Rucker was 43 years old. [TR 25]. He has a twelfth grade education, and has past work experience in construction and carpentry [TR 38-39]. He claims that he became disabled on April 1, 2009 due to problems in his back, neck and legs [TR 38, 39, 168].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

In this case, the ALJ began his analysis at step one by determining that Rucker met the insured requirements of the Social Security Act through September 30, 2014, and has not engaged in any substantial gainful activity since his application date [TR 15]. At step two, the ALJ determined that Rucker suffers from the following severe impairments: degenerative disc disease of the neck and back; cognitive disorder with slow processing speed; anxiety; and substance abuse [TR 15]. Continuing on to the third step, the ALJ determined that Rucker does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments [TR 16].

The ALJ then found that, based on the medically determinable evidence, Rucker has the residual functional capacity ("RFC") to perform the exertional requirements of light work as defined in the regulations, except he could only occasionally climb a ramp or stairs, stoop, kneel, crouch, or crawl; should never climb ladders or scaffolds; should avoid concentrated exposure to cold and even moderate exposure to vibration and hazards; could understand and recall simple instructions and work locations; could perform simple tasks and could sustain adequate concentration, persistence, and pace throughout the extended day; would function best in positions that do not require he deal with the public; and would be able to avoid hazards and adapt to work place changes [TR 18].

At step four, the ALJ determined that Rucker could not perform his past relevant work [TR 25]. However, after hearing testimony from the Vocational Expert ("VE"), the ALJ determined that based on Rucker's RFC, age, education and experience, there are other jobs existing in significant numbers in the national economy that Rucker could perform [TR 25-26]. Accordingly, the ALJ determined that he was not disabled at step five [TR. 26].

The ALJ's decision that Rucker is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on December 21, 2012 [TR 1]. Rucker has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. ANALYSIS

On appeal, Rucker argues that the ALJ's decision is not supported by substantial evidence and was not decided by proper legal standards for two reasons. First, he contends that the ALJ's

assessment of his RFC is contrary to the opinions of two physicians, Dr. Ronald E. Kendrick and Dr. Kip Beard. Second, he contends that the ALJ erred by determining that he had not been diagnosed with carpal tunnel syndrome.

The Court turns first to the ALJ's analysis of the opinions of Dr. Kendrick, an evaluating physician, and Dr. Beard, a consultative evaluator. Rucker contends that the ALJ failed to adopt Dr. Kendrick's opinion that he is unable to sit, stand, or walk for one hour without interruption [TR 555], and that the ALJ failed to include Dr. Beard's restriction against prolonged sitting, standing, or walking [TR 338]. Importantly, neither Dr. Kendrick nor Dr. Beard are treating physicians and, thus, are not entitled to the deference normally accorded to treating physicians. However, the ALJ must consider these opinions in light of numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. § 404.1527(c). The opinion of any physician may be discounted when the physician does not provide objective medical evidence to support his or her opinion or if the physician's opinion is inconsistent with the record as a whole. *See* 20 C.F.R. §404.1527(c); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 324, 347-348 (6th Cir. 1993).

Here, the ALJ reviewed the opinions of Dr. Kendrick and Dr. Beard, but elected to give greater weight to the opinions of the State agency medical consultants [TR 23]. These opinions were supported by Dr. Alex Guerrero, who opined that Rucker could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk for 6 hours in an 8-hour day, and sit for 6 hours in an 8-hour day [TR 398]. Dr. Guerrero did not find that Rucker would need to periodically alternate

5

sitting and standing to relieve pain or discomfort, even though that limitation was available as an option. Dr. Guerrero's opinion is also supported by Philip Fisher, D.O., who saw Rucker on May 25, 2010. At that time, Rucker reported that his medication change had worked tremendously well in relieving his pain. [TR 19-20, 371, 398]. Considering all the medical evidence, including the opinions of the State agency medical consultants, Dr. Guerrero, and Dr. Fisher, substantial evidence supports the ALJ's decision to decline to adopt Dr. Kendrick's limitations.

As to Dr. Beard, the ALJ carefully reviewed his examination and determined that the objective evidence on the examination did not support his restrictions [TR 20]. "Generally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 404.1527(d)(4). The fact that Dr. Beard's examination findings were incongruent with this opinion, when coupled with the other medical evidence which supports the ALJ's RFC assessment, amounts to substantial evidence to support the ALJ's decision to decline to include Dr. Beard's restrictions.

The Court now turns to Rucker's argument that the ALJ erred in stating that he had never been diagnosed with carpal tunnel syndrome. Apparently, Rucker contends that the ALJ should have found that he suffers from a severe impairment of carpal tunnel syndrome. Under the regulations, a severe impairment is an impairment or combination of impairments that significantly limits the claimant's ability to do basic work activity. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Generally, an impairment is not severe "only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *see also* 20 C.F.R. §§ 404.1521, 416.921.

Here, the ALJ found in Rucker's favor at step two of the sequential evaluation process, finding that he suffers from the severe impairments of degenerative disc disease of the neck and back, cognitive disorder with slow processing speed, anxiety and substance abuse [TR 15]. The fact that the ALJ did not include carpal tunnel syndrome as a severe impairment is irrelevant because the ALJ continued on with the sequential evaluation process. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *see also McGlothin v. Commissioner of Social Security*, 299 Fed.Appx. 516, 522 (6th Cir. 2008)(noting it was "legally irrelevant" that the ALJ found some impairments not severe because the ALJ found claimant had severe impairments and completed the evaluation process).

Additionally, Rucker has failed to show that his allegedly severe carpal tunnel syndrome results in additional work-related limitations greater than those found by the ALJ. While Rucker relies on a finding from Dr. Schneider in December 2003 that he had carpal tunnel syndrome, he does not allege the onset of disability until April 2009 [TR 293]. This diagnosis did not prevent Rucker from working as a carpenter for another five years after this diagnosis [TR 13,149].

Rucker also points to a positive Tinsel signs test result in July 2011 as further evidence of carpal tunnel syndrome [TR 424]. However, as the ALJ noted, examining physician reports showed that Rucker did not experience disorganization of motor function [TR 15, 337-38, 423]. Furthermore, in January 2010, the consultative examiner found that Rucker's wrists were non-tender and no redness, warmth, swelling, or nodules were present and that his range of motion revealed no limitations [TR 15, 337].

For these reasons, the ALJ determined that Rucker's carpal tunnel syndrome was non-severe. The mere fact that a claimant has been diagnosed with any condition does not equate automatically

with any functional limitation. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). As the Sixth Circuit has stated, "[t]he mere diagnosis [of a disease] says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). In this case, the ALJ properly considered all the evidence related to Rucker's carpal tunnel syndrome and found it to be non-severe. Additionally, the ALJ did not err by failing to impose any additional limitations as a result of the diagnosis on the grounds that there was not sufficient evidence in the record to support any additional limitations. Rucker's subjective complaints alone are insufficient to establish disability. Substantial evidence supports the ALJ's finding that the record lacks objective medical signs and findings showing the existence of any further limitations based on the diagnosis of carpal tunnel syndrome.

Accordingly, Rucker has failed to establish entitlement to a period of disability and disability insurance benefits. As set forth above, a review of the entire record reveals that substantial evidence supports the ALJ's RFC finding and that the VE identified jobs that would be compatible with his individual vocational characteristics and RFC. In conclusion, the decision of the ALJ that Rucker is not disabled is supported by substantial evidence and was made pursuant to the proper legal standards.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #15] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #18] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This January 6, 2014.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**